A last case up this morning is 413-0259, Harrison et al. v. Ladage. For the appellant is Dwayne Young, URESA, and the appellee is Mark Tarkin. One quick thing, counsel, we asked you to be here early, so we might be able to start early. You both are. I want to thank you for that. It's a convenience and a courtesy for the court, and we can now do so. Accordingly, Mr. Young, you may proceed. Good morning, and may it please the court, counsel, this is a pleadings case. We're here on the dismissal of a complaint by the trial court based on race judicata grounds under 2619A4. Dismissing the action on the basis that the trial court believed that this action is barred by the previous decision between the landowners, and which was a decision which we've included in the appeal, of course, and the appendix to the brief was previously affirmed by this court. The previous case was a boundary dispute, nothing more. The trial court determined the boundary that the trial court's decision was affirmed on appeal. In this case, the plaintiffs allege, and the plaintiffs include additional parties, and the defendants include additional parties, but the facts are, under motion to dismiss, as pleaded. And the facts pleaded indicate that the defendants, both before, during, and after the proceedings in the first case, willfully and intentionally trespassed on the plaintiff's grounds. The trial court then held that it was barred by the same core of operative facts, and I'll address that here in a minute. I think all the parties recognize there are three basic elements to race judicata, the first being a final judgment, the second being an identity of the causes of action, and the third being an identity of the parties and or their privileges. In this case, I think all three are actually lacking, although I think we all recognize that there was a final judgment in the first case where the plaintiff defendants couldn't have appealed that case to this court in that case. However, the trial court seemed to have a defective understanding of even that element of the case when he referred to actions that took place during the appeal of the first case, as if there were an avenue for the plaintiff in that case to come in in that case and redress the aggrievances she now complains about, which by the way included actions which happened even after the appeals decided and returned and determined. The original final decision, which was appealed, was entered by the trial court on the 8th of August of 1911. This complaint alleges the continuing trespass throughout the crop years 2011 and 2012. Now, counselor was also included in the request related to, suppose, a trespass that happened in 2010, correct? Correct. Is it your position that she could not have included that during the proceedings where the trial court granted judgment on August 9th of 2011? Well, I think that one's more problematic. The problem is, however, until the 8th of August of 2011, nobody knew where the line actually was. I mean, let's presume that the defendants had a reasonable basis to claim that the boundary was different than what the plaintiff alleged. But couldn't you have, when you brought your action, to determine that you were the owners, couldn't you have said, and by the way, these folks have been trespassing on our property? Well, the problem with that is, is that if I were a trial court, I would think that was incredibly presumptuous to come into court and say, of course, you've got to rule for me on the boundary dispute because they're trespassing. If you rule for me on the boundary dispute, it's not as if the boundary wasn't there earlier, which was your claim, and by the way, these people are trespassing, now that you've determined what the boundary has already been. Why wouldn't you... But that action presumes a win on the first count, that the boundary is where I Why is that a problem for purposes of race judicata? Why shouldn't you say, here's count one, here's where the boundary is, we own this property, and count two is, these people have been trespassing on it. What's presumptuous about that? Because the action was brought because the defendants, as neighboring landowners, claimed that there was an alternative boundary that had existed by acquiescence over a long period of time. And the argument then was, well, is that true or not true? So an element of the trespass was a determination as to where the boundary actually was. And it just seems to me incredibly presumptuous to go into court and say... Well, incredibly presumptuous isn't the standard. Isn't the standard, could you have brought this action at the same time? Could have we brought it? Involved the same issue? If you're the owners, and you're asking, by the way, judge, declare that we are the owners, and these people are trespassing, and have been trespassing. Isn't that the standard for purpose of registration to count it? Is this a cause of action that could have been brought? What would happen if they had established the alternative boundary? Then I would have been sued under Rule 137 for bringing a frivolous act. Why would it be frivolous if it was brought in good faith? You, in good faith, brought an action saying your clients owned this property, and these people have been trespassing. What's frivolous about that? And my argument has to be is that, look, if both parties weren't frivolous and claimed that the boundaries were, nobody knew if a trespass ever occurred until the boundary was determined. So it's a necessary element of the trespass action that the court determine where the boundary actually is. That's our argument. The trial court then determined that the continuing trespass was also included. You know, these are matters which happened in a legally relevant time period, way outside of what the first case had anything to do with anything anyway. It was finally decided in August of 2011, the trespass continued into 2010. Now, how can that possibly be included in the first action and be barred by res judicata in the first action? Now, you know, the second element of res judicata necessarily is that there's an identity of the causes of action. Now, we recognize that the Supreme Court in the Park River case has expanded that notion to include a transactional test if it all flows out of the same set of operative facts. Here, the first case had only to determine what the boundary actually was. The operative facts were including for several, for a couple of years after the boundary determination was that the defendants were actually trespassing over the boundary which had been determined by the court. They didn't seek a stay when they came to this court previously and there was no decision by the trial court that that alternative boundary was going to stay in existence until the final issue by this court on the appeal or any time thereafter. So if we assume that logic, the decision in the earlier case amounts to a judicial license for them to trespass on into the future forever because all they have to do is refer back to say, well, look, you didn't bring it up when you were coming in here to seek the boundary, which seems ludicrous to me from a judicial standpoint, to give the defendants a license to continue their trespass because the plaintiff in this case didn't presume that she was going to win the boundary issue and therefore bring that as part of the initial action. That's really what we're talking about is whether or not we're barred by that initial action. Beyond that, I think, and we've referred to the Altair case and the DeLass case that say it's well established that facts as they exist at the time of the judgment determine whether race judicata bars a subsequent action. A trespass after that initial final judgment entered by Judge Schmitt on August 8th of 2011 clearly can't be barred by the initial action. The DeLass case, which we also refer to, said generally a defendant's continuing course of conduct, even if related to the conduct complained of in the earlier action, creates a separate cause of action. And I think that the Rasmussen case makes that very, very clear. One trespass doesn't cover all trespasses. Each time they trespass, it's actionable again. So we submit that even if you look at it under the expanded transactional test, the operative facts adjudicated by the court in the first action do not cover and can't be cast so broadly as to cover rectifying the grievances that the plaintiff has here for subsequent trespasses, even, as the trial court put it, during the appeal, which I think doesn't make any sense at all. Because if she had a way to address those grievances during the initial appeal, there wouldn't have been a final judgment by definition. So I think that points out the error, too. Finally, I'd note that just a brief look at the Illinois Pattern of Instructions dealing with land and trespassing damages, they're replete with language that says you look at the time of the loss, you look at the time of the trespass, you look at the time of the loss. Lastly, then, the third element is this notion of privity. Well, the parties are not the same. In each instance, the landlord's included as parties plaintiff and defendant, the farm operators operating this farmland. But counsel, they don't have to be the same to establish privity, correct? No, but that's our argument, that the privity doesn't apply here. It's not like, you know, a testator in a legatee or a buyer and seller, where the interests are exactly the same. A farm operator has a completely different interest than the landlord, and we've included a number of cases which indicate that the landlord is not a guarantor and insurer of their tenant's actions, etc., etc. It's not such a relationship that imposes a general duty on a landlord to protect her tenant's interests. I think the cases that we've presented clearly show that there isn't adequate privity here either to redress, you know, these later trespasses for parties that weren't even parties to the initial case. What did the trial judge say with regard to your argument, Mr. Young, about how can it be res judicata for events that occurred after the trial, after the order was entered? He just said we're bound by even trespasses that took place during the pendency of the case on appeal, which I think makes no sense whatsoever. It's just, you know, there is this notion of legal relevancy, and that has to do with the appropriate time period. You know, we all know that we can't anticipatorily sue somebody because I think he's going to do a wrong to me next year. We'd be laughed out of court. That's just not how we do business. You know, even in the most egregious cases where somebody thinks they're being stalked until an action is taken, the courthouse door is not open to you to act. And I think in this case where we're dealing with intentional wrongs and actions, that kind of a rule necessarily must apply. So based on all of those bases, your honors, we would ask that you reverse the very trial which you've made a demand, which he was denied by this decision, and that you would find and hold that res judicata does not apply in this case. Thank you. Thank you, counsel. Mr. Cockett? Good morning. Morning, counsel. I'll be very brief, and then I would like to maybe address a couple of comments of Mr. Young. This case is a good example of why we have the doctrine of res judicata. We have the same parties, we have the same dispute, a dispute that one of the parties took to court and won on, and this court affirmed it. And immediately on the heels of that affirmation of that decision, plaintiffs come back into court, file Long II, seeking to recover additional relief for the same controversy, the same dispute. When the plaintiff concluded that the plaintiffs had already had their day in court, they were there. They had an opportunity in the first case to get full redress for their claims. Well, for any trespasses that had occurred up to that time, what about the trespasses that occurred allegedly afterwards? They would have had the opportunity, in some of the cases I've cited, they would have had the opportunity to also seek injunctive relief, which would bar any further Why should they have to do that? In other words, if they sue to have a determination of who owns the property and they win, why shouldn't the law presume that your clients will abide by the judgment of this court and stay off their property? Why should they have to, at that same proceeding, say, we're going to win, and by the way, these people can't be trusted to comply with this, and they're going to continue to be trespassing on my property, so I guess I'm going to have to seek to enjoin them from doing so in advance. That's essentially your argument, isn't it? Well, in this case, I think the defendants thought they had a good case for an appeal. They lost. So who cares whether they thought they had a good case? Mr. Young is bringing a trespass claim that occurred after they lost. They didn't lose until the appellate court entered their room. Well, let's put it this way, counsel. Counsel, didn't the allegations assert that they continued to trespass on land after August 9th of 2011 when the court entered its order? Right. There were continuing trespasses after that date while the appeal was pending. You mean to say the trial court's judgment wasn't worth anything until such time as we affirmed it? No, it certainly was worth something, but the decision was not worth anything. Could they just ignore it blithely and go about the claim is they trespass? Now, we have to accept that as true for purposes of these proceedings. Right. The trial court says this property now is Mr. Young's client's. The allegation is they continued after that ruling to engage in trespass, and you're claiming, if I understand you correctly, well, he can't bring a trespass action because when he won on the boundary dispute, he had to also at that time seek to enjoin them, or he's barred from ever thereafter complaining about the trespass. I think under race judicata... Is that your argument? If he doesn't seek to enjoin them, he's barred thereafter from ever complaining about any further trespasses? If they're all tied in with that series of transactions, like the Rasmus case you cited, there the second event was 10 years down the road. Obviously, it doesn't make sense to say that they can't raise that, but here you have a set of continuous transactions that started in 2010 with normal farming, you had planting in the spring, harvesting in the fall, that continued through 2010, 11, and through the spring 2012. It was all a series of connected transactions, but the Supreme Court says it can be treated the same operating facts for race judicata. Let me try again, Mr. Cochran. Is it your position that when Mr. Young's clients failed to seek an injunction against trespassing in that earlier case, they have forever thereafter lost the ability to pursue a trespass action for later trespasses? At least during the pendency of the appeal. How does that work? What do you mean during the pendency of the appeal? So the trial court's judgment can be ignored? I would say it can't be ignored, but it can be... Well, you can trespass and continue to trespass while the appeal's pending. At a certain risk. What's the risk if they didn't seek to enjoin? Well, the risk is that you don't accept our position on race judicata, and you're saying for that one trespass that occurred, say, in the spring of 2012, that they have an option of seeking redress for that, but not earlier ones. Go ahead. But I think part of the public policy behind race judicata is to judicial economy and avoid harassment. We have to keep in mind we're talking about one-tenth of an acre. Farmland's value is still one-tenth of an acre, and it's crop damage on one-tenth of an acre. We've already had to go through one suit over this one-tenth of an acre. It was a tremendous time and financial burden on the defense as well as the court system. It just doesn't seem to make any sense to go through that process again when what's at issue is potential damages related to one-tenth of an acre of unimproved farmland. So I think the strong public policy argument's behind putting an end to this, having it resolved in one case where these issues could have been resolved and addressed. Damages could have been addressed for trespass. They could have addressed any perspective, you know, trespass. And as far as Mr. Young's argument about they couldn't go for damages because they hadn't established, you know, who owned what, that's no different than any injury case or liability case where you can have a trial and decide liability, and then if there's liability, then you take up damages. It could have been the same in this situation, in case one, establish who's entitled to the property, then take up damages, rather than go through the courts and have the case dismissed and appealed, and then, boom, right after that, get surprised with a new suit seeking damages for trespass. So I think under racial eukaryotic, it just made sense, and I think we probably should expect that all that's going to be resolved in one proceeding, particularly with the magnitude of what was involved. I know my clients and I were certainly surprised when we saw this second suit there seeking damages related to this 10th day. You mean they were under the impression they continued to trespass with impunity? Soon as the last trespass was in the spring of 2004. Once the appellate court ruled, I mean, they accepted it fully. Well, if they did it again next year, the same argument could apply, though, couldn't it? Well, I don't think so. I think with an appellate court ruling that hadn't been sought further appeal. No, if we affirmed the trial court on the grounds that this was res judicata, the dismissal of the action now being brought, what's to stop your clients from trespassing again next year? And the grounds that, hey, you can't do anything about it, because you never sought to enjoin us. Well, what's going to stop them is their own personal conscience. Oh, so that's the rule of law? No, well, I just say, I mean, you're hypothetical. I mean, it's not going to happen. I mean, it's kind of like, trust this. I'm from the government, and I'm here to help. So I'll. These are long time farm family. They're going to abide by it. That's all I had.  Mr. Young, anything further, sir? Very briefly, I kind of anticipated that perhaps counsel would bring up this de minimis argument. It was made before the trial court. It was never pleaded. I don't understand the trial court to have made that decision. But whether we're talking about a fifth of an acre or a quarter of an acre, we all live on less land than land. And is this plaintiff's land entitled to less protection than my backyard or your backyard? That would be my response to that. OK, thank you, counsel.